

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,750-01

### EX PARTE GRAYLON TARAYE IVERY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1323680 IN THE 8TH DISTRICT COURT
### FROM HOPKINS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to possession of a controlled substance in a drug free zone, and was sentenced to twenty years' imprisonment.

Applicant contends that he was denied his right to appeal, because trial counsel failed to timely file a notice of appeal. Applicant alleges that the trial court certified that he had the right to appeal, but that he was not afforded the opportunity to tell trial counsel or the trial court that he did,

in fact, desire to appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether Applicant advised him, or had the opportunity to advise him that he wanted to appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant had the opportunity to or did advise trial counsel or the trial court that he wanted to appeal. If Applicant did indicate a desire to appeal, the trial court shall make findings as to whether appellate counsel was appointed to represent Applicant, and as to whether a motion for new trial and/ or notice of appeal was filed on his behalf. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant was not provided with the opportunity to express his desire to appeal, or because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish